

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYTH CLOTHING COMPANY, INC., a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FABRIC SELECTION, INC., a California corporation,<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>ECF CASE |



Plaintiff, Myth Clothing Company, Inc. ("Myth" or "Plaintiff"), by and through their undersigned attorneys, for their Complaint against Defendant Fabric Selection, Inc. ("FSI" or "Defendant"), allege as follows:

### NATURE OF ACTION

1. This is an action for declaratory judgment which arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* By this action, Plaintiffs seek a declaration that they have not infringed upon the claimed copyright rights of FSI, as set forth herein.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question, and 28 U.S.C. §

1

1338(a), giving this Court original and exclusive jurisdiction in a civil action arising under the copyright laws of the United States. This Court also has supplemental jurisdiction over all other claims pursuant 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because this is an action brought pursuant to the Copyright Act, Defendant conducts business in this judicial district, and a substantial part of the events giving rise to the claims occurred in this District.

### THE PARTIES

5. Myth is a corporation organized under the laws of the State of New York with its showroom and place of business located in the heart of New York's Garment District at 525 Seventh Ave, New York, New York 10018.

6. Myth has been registered to do business in the State of New York and has done business in New York's Garment District since at least as early as 2011.

7. Myth conducts its business in the wholesale apparel industry, selling, marketing and/or promoting clothing to retail establishments that sell to the public.

8. Upon information and belief, Myth is the wholesale supplier of the products alleged to infringe Defendant's copyright rights as asserted herein.

9. Upon information and belief, FSI is a corporation organized and existing under the laws of the State of California with its place of business at 800 E 14th St. Los Angeles, CA 90021.

10. Upon information and belief, FSI is in the business of importing and selling woven, printed and knitted fabrics originating from Asia to its customers in the United States and

in New York.

11.     Upon information and belief, FSI is doing business in the State of New York, within this district and within New York City's Garment District, transacts business within the State of New York and within this district, derives revenue from intrastate and interstate commerce, derives revenue from sales to businesses located and established in New York City's Garment District, and FSI is otherwise within the jurisdiction of this Court.

12.     Upon information and belief, FSI has agents, samples, product, and sales representatives within the State of New York, particularly in New York City's Garment District.

13.     Since Myth and FSI each regularly transact business in the State of New York and within this judicial district, jurisdiction in the Southern District of New York is appropriate for adjudication of the claim(s) brought herein.

## FACTUAL BACKGROUND

14.     FSI is the purported owner of a copyright in design artwork ("FSI Design") shown as part of the attached Exhibit A.

15.     Upon information and belief, based on a copyright application filed by FSI, the FSI Design purportedly has been registered by the United States Copyright Office.

16.     Upon information and belief, the FSI Design has been purportedly registered by the United States Copyright Office under Registration No. VAu 1-116-200.

17.     Upon information and belief, Registration No. VAu 1-116-200 is titled "KAMUZU COLLECTION 2012 et al."

18.     Upon information and belief, Registration No. VAu 1-116-200 covers more than a single design.

19.     Upon information and belief, the effective date of Registration No. VAu 1-116-200 is November 17, 2012.

20.     On or about December 5, 2014, Myth received a letter at its New York offices, dated November 24, 2014, with enclosures from FSI's counsel, Michael Baum, of the law firm RPB, LLP.

21.     In that letter, Mr. Baum asserts that Myth has violated Defendant's purported protect FSI Design by engaging in commerce with product that bears a design substantially similar to and/or a derivative of the FSI Design. Mr. Baum's letter also demands that Myth "immediately cease and desist all sales of products bearing [the FSI Design]." A copy of the letter from Mr. Baum and the accompanying enclosures, which include a copy of the Registration No. VAu 1-116-200 certificate, of the FSI Design, and a photograph of the accused garment, are attached hereto as Exhibit A.

22.     A comparison of the FSI Design and the accused garment demonstrates that the design rendered on the accused garment is not substantially similar to the FSI Design asserted by Defendant.

23.     Upon information and belief, FSI learned of the sale of Plaintiff's garments through the sale, offer for sale, advertising, marketing and/or promotional activities of Plaintiff.

24.     Upon information and belief, Defendant objects to all sales, offers for sale, advertising, marketing and/or promotional activities by Plaintiff which relate to the accused garments that allegedly incorporate the FSI Design and/or a substantially similar design.

25. Upon information and believe, Defendant's claim(s) have hinder and continue hinder the ability of Myth to continue to advertise, market, offer for sale, and sell the accused goods and other product bearing the accused design.

26. Upon information and belief, Defendant objects to all advertisements, marketing and promotional materials which contain and/or relate to the accused garments that allegedly incorporate the FSI Design and/or a substantially similar design.

27. Upon information and belief, Defendant's explicit demand that Myth "immediately cease and desist from all sales of product bearing [the FSI Design]" also includes an implied demand that Myth cease and desist from all advertising, marketing and promotional activities that promote the sale of product incorporating the accused design appearing on the accused goods.

28. By virtue of the foregoing, Plaintiff is compelled to seek a declaration from this Court that they do not infringe Defendant's copyright rights and/or that Defendant's asserted rights and/or the asserted copyright registration as the basis of the Defendant's claim(s) are invalid and/or unenforceable.

**COUNT I**
**DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT UNDER THE COPYRIGHT ACT**

29. Plaintiffs repeats and realleges each allegation contained in paragraphs 1 through 29 as if set forth in full herein.

30. An actual controversy has arisen and now exists between Myth and FSI concerning whether Plaintiff has infringed and are infringing FSI's copyright rights.

31. Plaintiff has advertised, marketed, offered for sale and sold the clothing alleged by Defendant to have infringed its purported copyright rights.

32. Myth believes and alleges that their clothing products do not infringe upon any valid copyright rights of Defendant.

33. Myth further believes and alleges that the FSI Design lacks the requisite originality of protectable elements, and therefore any alleged copying of protectable elements of the FSI Design are barred by the *de minimis* doctrine.

34. Myth further alleges that the design rendered on the accused goods is not substantially similar to the FSI Design.

35. Myth further alleges that Defendant's purported copyright rights are invalid and/or unenforceable.

36. By virtue of the foregoing, Plaintiff desires a judicial determination of the parties' rights and duties with respect to the copyright rights asserted by FSI, as such alleged copyrights are underscored by copyright Registration No. VAu 1-116-200.

37. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendant as follows:

A. For judgment declaring that Defendant's copyright rights are invalid, void, unenforceable and/or not infringed by the product(s) sold by Plaintiff;

B. Awarding Plaintiff costs, expenses and reasonable attorneys' fees as permitted by law; and

C. Awarding Plaintiff such other and further relief as the as the Court may deem just and

proper.

## JURY DEMAND

Plaintiff demands a jury trial, on all issues so triable, pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: New York, New York
February 24, 2015

Respectfully Submitted,

KAKAR, P.C.

By: /S/ Sumeer Kakar
Sumeer Kakar, Esq.
525 Seventh Ave., Suite 1810
New York, NY 10018
212-704-2014
sk@kakarlaw.net
*Attorneys For Plaintiff*